HAROLD W. PHILLIPS v. MENOMONIE HYDRAULIC-PRESS BRICK COMPANY.[1]

October 22, 1909.

Nos. 16,368—(163).

**Performance of Contract — Opinion Evidence.**

When the performance of a contract is a matter of controversy, a witness may, in the discretion of the trial court, be interrogated as to whether or

[1] Reported in 122 N. W. 874.

not he has performed the same, provided the answer amounts to no more than a mere shorthand rendering of the facts; but, where the terms of the contract are indefinite, the witness must state the facts constituting compliance, and not conclusions or opinions.

**Conclusion of Witness.**

*Held,* that the following question was open to the objection that it called for a conclusion of the witness: "Q. I will ask whether or not the Independent Printing Companies carried out its part of the contract by having printed, published, and distributed the advertising calendar mentioned in the contracts, furnishing a copy of such calendar to practically every architect, contractor, builder, supply and material man, firm or corporation of prominence in building trades in Minneapolis and vicinity, and St. Paul and vicinity?"

**Evidence of Delivery.**

The evidence was not sufficient to make out a prima facie case of delivery.

Action in the municipal court of Minneapolis to recover $30 on contract for insertion of an advertisement in a calendar, and delivery of the calendar to certain persons in the building trade in Minneapolis. The case was tried before Waite, J., who made findings and as conclusion of law found in favor of defendant. From an order denying plaintiff's motion to set aside the judgment and for a new trial, he appealed. Affirmed.

*Charles J. Tryon,* for appellant.

*C. J. Rockwood,* for respondent.

LEWIS, J.

Appellant, doing business under the name of Independent Printing Companies, and respondent entered into a contract in writing under the terms of which appellant agreed to print and distribute a calendar for the year 1908, containing certain advertising matter, and providing: "That copies of said calendar are to be delivered free to the office of practically every architect, builder, contractor, supply and material man, firm or corporation of prominence in the building trade in Minneapolis." This action was brought to recover the amount claimed to be due. The trial court found that appellant had failed to deliver the calendar as provided by the terms of the contract.

During the course of the trial appellant's deposition was read, in which the following question was propounded: "Q. I will ask whether or not the Independent Printing Companies carried out its part of the contract by having printed, published, and distributed the advertising calendar mentioned in the contracts, furnishing a copy of such calendar to practically every architect, contractor, builder, supply and material man, firm or corporation of prominence in building trades in Minneapolis and vicinity, and St. Paul and vicinity?" The question was objected to as irrelevant, incompetent, and immaterial, not calling for the facts. The trial court reserved its decision, and the witness answered: "It did." At the close of the case the objection was sustained, and the answer stricken out.

Appellant further testified that the United States mail was used for the individual copy deliveries; that the same were mailed in accordance with the United States government regulations, and the postage prepaid; that the mailing lists for Minneapolis and St. Paul had been compiled from the telephone directories, and from Dun and Bradstreet's credit books for the vicinity of those cities, and that special names had been furnished by various advertisers. Appellant then introduced in evidence the classified lists of the Northwestern and Tri-State Telephone Companies' directories for Minneapolis and St. Paul. The court sustained an objection to the lists, unless the specific lists and subdivisions of the general lists upon which appellant relied were offered in evidence. Thereupon appellant offered the Northwestern Telephone list of architects, builders, and, under the general head of contractors, the list of carpenters and cut stone; but the court sustained an objection to the list of general contractors and plasterers. From the Tri-State Telephone directory appellant offered a list of architects, building materials, and contractors and builders, which were received in evidence over the objection of respondents; but the court declined to receive the list under the headings manufacturing concerns, lime and cement, and supplies.

Exceptions to the general rule that witnesses must state facts within their knowledge, and not conclusions or opinions, should

not be extended, except as a necessity to prevent a failure of justice and when better evidence cannot be had. As stated by Mr. Wharton (Law of Evidence, § 510), when the opinion of the witness is the mere shorthand rendering of the facts, then the opinion can be given, subject to cross-examination as to the facts on which it is based. The brief method of examination adopted by appellant may safely be followed in the discretion of the trial court in some instances; but it should not be applied to a case where the contract is not definite as to its terms. This contract required appellant to mail the calendar to "practically every architect, builder, contractor, supply and material man," and to every "firm or corporation of prominence in the building trade" in the two cities mentioned. This left it an open question as to what constituted "practically" such parties, and what firms were supply and material men, and which were in the building trade, and which were of "prominence" in that trade. The question, and its answer, left the determination of these uncertain elements to the opinion of the witness, and the trial court correctly sustained the objection.

The other assignment is to the effect that the court erred in holding that the evidence was not sufficient to make out a prima facie case of delivery of the calendar, notwithstanding the answer was stricken out. The mere statement by appellant in his deposition that the mailing list had been compiled from the telephone directories was, of course, insufficient, in itself, to prove delivery; and at the trial appellant undertook to identify the lists in the telephone books with the mailing list referred to in the deposition. Conceding that a prima facie case was made out as to the lists received in evidence, several lists were not received, and the identification remained incomplete. The evidence wholly fails to show to what supply and material men, and to what firms engaged in the building trade, the calendar was mailed, and the ruling of the court sustaining the objection to certain of the lists was not assigned as error.

Affirmed.